# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| TYLER D. JOHNSON, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) | No. 4:07-CV-325 CAS |
| UNKNOWN SEYMOUR, et al., | ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on defendants Singer and Seymour's motions for summary judgment. Plaintiff, a pretrial detainee at St. Louis City Justice Center (SLCJC), brought this action under 42 U.S.C. § 1983 alleging that he was assaulted by SLCJC staff and denied adequate medical care. Defendants have moved for summary judgment on the ground that no evidence exists in support of plaintiff's claims. Plaintiff has not opposed the motions. The Court will enter summary judgment in favor of defendants.

**Standard**

Under Rule 56(c), a motion for summary judgment should be granted "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."

The initial burden is placed on the moving party. City of Mt. Pleasant, Iowa v. Associated Elec. Co-op., Inc., 838 F.2d 268, 273 (8th Cir. 1988) (the moving party has the burden of clearly establishing the non-existence of any genuine issue of fact that is material to a judgment in its favor). Once this burden is discharged, if the record shows that no genuine dispute exists, the burden then shifts to the non-moving party who must set forth affirmative evidence and specific facts showing

there is a genuine dispute on a material factual issue. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).

Once the burden shifts, the non-moving party may not rest on the allegations in its pleadings, but by affidavit and other evidence must set forth specific facts showing that a genuine issue of material fact exists. Fed. R. Civ. P. 56(e); Herring v. Canada Life Assur. Co., 207 F.3d 1026, 1029 (8th Cir. 2000); Allen v. Entergy Corp., 181 F.3d 902, 904 (8th Cir.), cert. denied, 528 U.S. 1063 (1999). The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). A dispute about a material fact is "genuine" only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Herring, 207 F.3d at 1029 (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)). A party resisting summary judgment has the burden to designate the specific facts that create a triable question of fact. See Crossley v. Georgia-Pacific Corp., 355 F.3d 1112, 1114 (8th Cir. 2004). Self-serving, conclusory statements without support are not sufficient to defeat summary judgment. Armour and Co., Inc. v. Inver Grove Heights, 2 F.3d 276, 279 (8th Cir. 1993).

With this standard in mind, the Court accepts the following facts as true for purposes of resolving this motion for summary judgment.[1]

---

[1] The Court relies primarily on the statements of facts presented by defendants in their motions for summary judgment. These statements of facts are supported by defendants' affidavits, plaintiff's medical records, and the institutional documents. Furthermore, plaintiff has not disputed defendants' statements of the facts in that he has completely failed to respond to defendants' motions for summary judgment, and therefore the facts as offered by defendants are deemed admitted under Eastern District Local Rule 4.01(E).

**Background**

In the complaint, plaintiff alleged that defendant Seymour and others engaged in a plot to kill him. Plaintiff further alleged that Seymour assaulted plaintiff, fracturing his arm and injuring his throat. Plaintiff also alleged that defendant Dr. Singer did not provide him adequate medical care for his injuries. Plaintiff did not state on what date the alleged incidents occurred.

Defendant Byron Seymour was a Lieutenant at SLCJC until he left there for another job in February 2007. As a Lieutenant, Seymour supervised correctional officers and oversaw inmates, including plaintiff. Seymour was involved in only one incident involving plaintiff. In that incident, Seymour witnessed plaintiff attempting to resist his cell door being closed. Plaintiff was not injured during this incident. At no time did Seymour assault plaintiff or engage in a plot to kill plaintiff.

Defendant Dr. Susan Singer is a medical doctor and is employed by Correctional Medical Services ("CMS"). Singer has evaluated and treated plaintiff on several occasions. Plaintiff never presented to Singer or any other CMS employee with injuries arising from an assault by defendant Seymour. Plaintiff never presented to Singer with a fractured arm. Plaintiff did present to medical on April 18, 2007, stating that his arm had been fractured. A physical examination revealed that the arm was not fractured and that it did not require treatment.

Plaintiff is a problem detainee with serious behavioral problems. He has assaulted other inmates and SLCJC staff. He has brandished "shanks" at correctional officers. On at least one occasion, he threw urine and feces on a correctional officer. He has destroyed prison property on several occasions. He has also used deception to lure staff into his cell: on one occasion he faked being unconscious so that he could expose his genitals to several nurses and correctional officers.

**Discussion**

Plaintiff has failed to set forth any facts demonstrating that a genuine issue of material fact exists. The facts before the Court show that Seymour did not engage in the alleged plot to kill plaintiff and did not fracture his arm. The facts further show that defendant Singer has given plaintiff medical treatment on several occasions but that plaintiff never presented to Singer with a fractured arm. As a result, the Court will grant defendants' motions and enter judgment in defendants' favor.

Additionally, this case should be dismissed on the independent ground that it is malicious under 28 U.S.C. § 1915(e)(2)(B). A court may determine that an action or allegation is "malicious" by referring to objective factors such as the circumstances and history surrounding the filing. Spencer v. Rhodes, 656 F. Supp. 458, 463 (E.D.N.C.), aff'd 826 F.2d 1059 (4th Cir. 1987). An action is malicious when it is undertaken for the purpose of harassing litigants and not for the purpose of vindicating a cognizable right. Id. at 461-63. Additionally, an action is malicious when it contains allegations which the plaintiff knows to be false or is a part of a longstanding pattern of abusive and repetitious lawsuits. See In re Tyler, 839 F.2d 1290, 1293 (8th Cir. 1988).

The record before the Court shows that plaintiff has consistently engaged in abusive behavior towards SLCJC and CMS staff, including serious assaults. Plaintiff has carried this abusive behavior over into this Court by filing frivolous lawsuits[2] and by bringing the instant, unsubstantiated lawsuit. These actions lead the Court to conclude that plaintiff brought this action for the purposes of harassing these defendants and not for the purpose of vindicating a legitimate right. As a result, the

---

[2]Johnson v. St. Louis City Justice Center, 4:07-C-V669 FRB (E.D. Mo. 2007) (dismissed as frivolous before service of process); Johnson v. Correctional Medical Services, 4:07-CV-2055 TIA (E.D. Mo. 2008) (same).

Court finds that this action is malicious under 28 U.S.C. § 1915(e)(2)(B) and should be dismissed as such.

Because the Court finds this action to be malicious, this dismissal shall count as a "strike" under 28 U.S.C. § 1915(g). For these reasons, the Court also certifies that an appeal from this action would not be taken in good faith. 28 U.S.C. § 1915(a)(3).

Accordingly,

**IT IS HEREBY ORDERED** that defendants' motions for summary judgment are **GRANTED**. [Docs. 32, 33]

An appropriate judgment will be filed with this Memorandum and Order.

**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  31st  day of January, 2008.